JS-6

| | |
|---|---|
| 1 | Michael J. Murtaugh, Bar No. 57874 |
| | John R. Armstrong, II, Bar No. 183912 |
| 2 | Larissa L. Abruscato, Bar No. 151099 |
| | MURTAUGH MEYER NELSON & |
| 3 | TREGLIA LLP |
| | 2603 Main Street, 9th Floor |
| 4 | Irvine, California  92614-6232 |
| | (949) 794-4000/FAX (949) 794-4099 |
| 5 | mmurtaugh@mmnt.com |
| | jarmstrong@mmnt.com |
| 6 | labruscato@mmnt.com |

```
                    FILED
        CLERK U.S. DISTRICT COURT

              DEC 30 2009

        CENTRAL DISTRICT OF CALIFORNIA
        BY   SDM              DEPUTY
```

7  Attorneys for Plaintiff/Counterdefendant
HALLADAY & MIM MACK, INC.

8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11                        SOUTHERN DIVISION

| | |
|---|---|
| 12  HALLADAY & MIM MACK, INC. ,<br><br>13           Plaintiff,<br><br>14      v.<br><br>15  TRABUCO CAPITAL PARTNERS,<br>INC.; KURT M. SAXON; and DOES<br>16  1-10,<br><br>17           Defendants. | CASE NO.  SA-8:08-CV-01138-AG-<br>MLG<br><br>**Assigned For All Purposes To:**<br>Judge:  Andrew J. Guilford<br>Dept:  10D<br>Magistrate: Marc L. Goldman<br><br>**STIPULATED JUDGMENT** |
| 18  TRABUCO CAPITAL PARTNERS,<br>INC.,<br>19<br>        Counterclaimant,<br>20<br>     v.<br>21<br>HALLADAY & MIM MACK, INC.;<br>22  and ROES 1-10,<br>23           Counterdefendants. | DATE OF FILING:  October 14, 2008<br>TRIAL DATE:  January 19, 2010 |

24

25          By   signing   this   Stipulated   Judgment,   Plaintiff/Counterdefendant

26   HALLADAY   &   MIM   MACK,   INC.   ("HALLADAY")   and

27   Defendant/Counterclaimant TRABUCO CAPITAL PARTNERS, INC. ("TCP"),

28   and Defendant KURT M. SAXON ("SAXON"), stipulate and agree as follows:

MURTAUGH MEYER
NELSON & TREGLIA LLP   427742

STIPULATED JUDGMENT

1.     On December 2, 2009, HALLADAY, TCP, SAXON and Others (specifically, individuals David Ruiz, Woody Tweidt, and Brad Porterfield, who are not named in this action but who are parties to the Settlement Agreement) entered into a settlement agreement to resolve this litigation (the "Settlement Agreement").   This Stipulated Judgment is attached as **Exhibit "A"** to the Settlement Agreement.

2.     TCP and SAXON stipulate to a judgment in favor of HALLADAY in the total amount of $18,000.00 (the "Judgment Amount").   HALLADAY stipulates that TCP and SAXON will be entitled to an offset against the Judgment Amount in the amount of all monthly payments made to HALLADAY under the Settlement Agreement as of the date this Stipulated Judgment is filed with the Court; however, no offset will be allowed if a monthly payment is not made because of insufficient funds to support the payment.

3.     The Judgment Amount represents the amount due and owing to HALLADAY in full and complete resolution of all of the issues between HALLADAY, TCP, and SAXON arising out of this litigation, including:   (a) fees due from services performed, interest, costs and fees (including attorney's fees and costs) pursuant to the February 27, 2006 standard Consulting Engineers and Land Surveyors of California contract between HALLADAY and TCP, and TCP'S failure to pay monies due to HALLADAY under invoices 6114 (dated 8/31/06), 6420 (dated 5/2/07), 6421 (dated 5/2/07), 6422 (dated 5/2/07), 6423 (dated 5/2/07), 6589 (7/20/07), and 6590 (7/20/07), for various civil engineering services that HALLADAY performed for TCP concerning the Travertine Pointe Estates project in Imperial County, California (the "Project"); and (b) the unauthorized use and duplication by and on behalf of TCP and SAXON of certain instruments of service prepared by and on behalf of HALLADAY for the Project.

/ / /

MURTAUGH MEYER
NELSON & TREGLIA LLP

427742

-2-

STIPULATED JUDGMENT

4.     The Judgment Amount in favor of HALLADAY will accrue interest at the legal rate of ten percent (10%) per annum until paid in full.

5.     This Stipulated Judgment shall not be filed with the Court or recorded in the official records of the County of Orange or any other county unless TCP and SAXON default under the Settlement Agreement; in this regard TCP and SAXON, and Others (specifically, individuals David Ruiz, Woody Tweidt, and Brad Porterfield, who are not named in this action but who are parties to the Settlement Agreement) have agreed to be jointly and severally liable for the $18,000.00 owed to HALLADAY.

6.     This Court will retain jurisdiction of this matter.

7.     TCP and SAXON knowingly, intelligently, and voluntarily waive any and all rights to the following: (1) a trial by court or jury; (2) to notice, hearing, and/or the opportunity to contest or present evidence; (3) to findings of fact and/or conclusion of law; (4) to appeal, to seek to nullify, to discharge in bankruptcy, to seek statutory or equitable relief or excuse from or otherwise challenge any provision of this Stipulated Judgment and any judgment or other court order sought, obtained, entered and/or enforced in any way related thereto, including, but not limited to, any motion addressed to the Court pursuant to Federal Rules of Civil Procedure, or any other provision of law, equity, or other asserted power of the Court; (5) to assert any argument or reason or excuse for non-performance; and (6) to assert partial or substantial performance in lieu of exact performance.

8.     At all times material hereto, each party to this Stipulated Judgment has had the opportunity to seek and consult with legal counsel of his/her/its own choosing concerning his/her/its rights with respect to the form and content of this Stipulation and the advisability of executing same.

9.     Each of the undersigned agrees that this Stipulated Judgment shall be interpreted, construed, governed, and enforced under, and pursuant to, the

MURTAUGH MEYER
NELSON & TREGLIA LLP    427742

-3-

STIPULATED JUDGMENT

1    laws of the State of California.

2         10.    The parties hereto waive the application to this action of Fed. R.
3    Civ. P. 41(b), concerning dismissal for lack of prosecution or delay of trial.

4         11.    The parties agree that the Court may enter this Stipulated Judgment
5    without a motion or hearing.

6         12.    This Stipulated Judgment shall inure to the benefit of, and shall be
7    binding upon, each of the parties hereto, their representatives, owners, officers,
8    directors, assigns, and successors, and each of them.

9         13.    Should any dispute or enforcement problems arise regarding the
10    provisions of this Stipulated Judgment, the prevailing party shall be entitled to
11    reimbursement of all costs of collection and any reasonable attorney's fees that
12    the prevailing party incurs in collection or in a lawsuit or action or any appeal
13    thereof.

14         14.    If any of the provisions of this Stipulated Judgment or any portion
15    of any provision is held by a court of competent jurisdiction to be unenforceable
16    and invalid, the validity and enforceability of the enforceable portion of any such
17    provision and of the remaining provisions shall not be adversely affected.

18    / / /

19

20    / / /

21

22    / / /

23

24    / / /

25

26    / / /

27

28    / / /

1    15.   This Stipulated Judgment may be signed in counterparts and any

2  signature by facsimile or email on this Stipulation shall be deemed the same as

3  an original.

4  **IT IS SO STIPULATED:**

5

6                                              **HALLADAY & MIM MACK, INC.**

7

8  Dated:_____, 2009       **By:** _____

9                                              **Name:** _____

10                                             **Title:** _____

11

12                                             **TRABUCO CAPITAL PARTNERS, INC.**

13  Dated:_____, 2009      **By:** _____

14                                             **Name:** _____

15                                             **Title:** _____

16

17                                             **KURT M. SAXON**

18

19  Dated:_____, 2009      **By:** _____

20                                                      **Kurt M. Saxon**

21

22  **IT IS SO ORDERED,**
   **ADJUDGED, AND DECREED:**

23

24   Dated:_____

25                              By: _____

26                                        **Hon. Andrew J. Guilford**
                                          **U.S. District Judge**

27

28

1    15.    This Stipulated Judgment may be signed in counterparts and any

2  signature by facsimile or email on this Stipulation shall be deemed the same as

3  an original.

4  **IT IS SO STIPULATED:**

5

6                                              **HALLADAY & MIM MACK, INC.**

7

8  Dated: _DECEMBER 10_, 2009    By: _____

9                                              Name: _DANA S. HALLADAY_

10                                             Title: _PRESIDENT_

11

12                                             **TRABUCO CAPITAL PARTNERS, INC.**

13  Dated: _____, 2009    By: _____

14                                             Name: _____

15                                             Title: _____

16

17                                             **KURT M. SAXON**

18

19  Dated: _____, 2009    By: _____

20                                                  Kurt M. Saxon

21

22  **IT IS SO ORDERED,**
23  **ADJUDGED, AND DECREED:**

24  Dated: _____

25                          By: _____

26                                        Hon. Andrew J. Guilford
27                                        U.S. District Judge

28

15.  This Stipulated Judgment may be signed in counterparts and any signature by facsimile or email on this Stipulation shall be deemed the same as an original.

**IT IS SO STIPULATED:**

**HALLADAY & MIM MACK, INC.**

Dated:_____, 2009

By: _____
Name: _____
Title: _____

**TRABUCO CAPITAL PARTNERS, INC.**

Dated: _12-10_____, 2009

By: _____
Name: _DAVID A RUIZ_____
Title: _CEO_____

**KURT M. SAXON**

Dated:_____, 2009

By: _____
    **Kurt M. Saxon**

**IT IS SO ORDERED, ADJUDGED, AND DECREED:**

Dated:_____

By: _____
    **Hon. Andrew J. Guilford**
    **U.S. District Judge**

-5-

STIPULATED JUDGMENT

1     15.   This Stipulated Judgment may be signed in counterparts and any

2  signature by facsimile or email on this Stipulation shall be deemed the same as

3  an original.

4  **IT IS SO STIPULATED:**

5

6                           **HALLADAY & MIM MACK, INC.**

7  Dated:_____, 2009

8                           By: _____

                             Name: _____

9                           Title: _____

10

11                        **TRABUCO CAPITAL PARTNERS, INC.**

12

13  Dated:_____, 2009

14                           By: _____

                             Name: _____

15                           Title: _____

16

17                        **KURT M. SAXON**

18

19  Dated: _12/8/_, 2009    By: _Kurt M. Saxon_

20                               **Kurt M. Saxon**

21

22  **IT IS SO ORDERED,**

23  **ADJUDGED, AND DECREED:**

24  Dated: **DEC 30, 2009**

25                  By: _____

26                     Hon. Andrew J. Guilford

                        U.S. District Judge

27

28

MUSTAICH MEYER
NELSON & TRINIDA LLP  427742              -5-          STIPULATED JUDGMENT